UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| PARAGON DATA SYSTEMS, INC., | No. 1:21-CV-00129 |
| Plaintiff, | Hon. Janet T. Neff |
| v. | |
| SPECTRUM HEALTH SYSTEM, JOHN DOES 1–5, and ABC CORPORATION, | |
| Defendants. | |
_____/

## STIPULATED ORDER TO STAY CASE

This Court's initial case management order (R.19) directed Plaintiff Paragon Data Systems, Inc. ("Paragon") and Defendant Spectrum Health System ("Spectrum") to engage in early voluntary facilitative mediation by July 30, 2021. The parties thereafter selected July 27, 2021, as the date for the mediation before mediator Lee Silver of Silver & Van Essen P.C. Shortly before the mediation, counsel for Paragon advised counsel for Spectrum that Paragon's president and owner, Larry Laurenzi, could not appear on July 27 due to health issues, and that mediation had no chance of success without Mr. Laurenzi being present. Spectrum accepted Paragon's representations without further substantiation and agreed to reschedule the mediation to September 7.

On August 25, 2021, counsel for Paragon advised counsel for Spectrum that Paragon would not participate in mediation on September 7 due to Mr. Laurenzi's ongoing health issues. Counsel for Paragon has agreed to provide substantiation for Mr. Laurenzi's health issues. The parties have confirmed that Mr. Silver's earliest availability for a weekday mediation is the week of November 27, 2021, and the parties selected December 3, 2021, as a new date. This mediation date is less

than one month before the close of discovery under the Court's case management order, and four months after the initial deadline for mediation set by the Court.

Paragon has also filed a motion for leave to amend its original complaint (R.45–46), a motion to extend the date upon which to mediate (R.43), and a motion for protective order (R.40–41), all of which are pending. Spectrum has filed a motion for sanctions (R.37–38), which is also pending. The parties recognize that a stay of most actions in this lawsuit, subject to the terms below, including briefing the motions, will operate to best facilitate a meaningful mediation on December 3, 2021, and that such stay will necessitate a new case management schedule.

In light of the foregoing, the parties stipulate and agree as follows:

1.  The deadline for the parties to participate in alternative dispute resolution is extended from September 30, 2021, to December 3, 2021.

2.  Except as set forth herein, the case, including all deadlines set forth in the case management order (R.19), is stayed to enable the parties to participate in voluntary facilitative mediation without further expending resources on discovery and briefing. As part of and during the stay, Spectrum shall not be required to respond to Paragon's motion for leave to amend its original complaint (R.45–46). Paragon agrees to withdraw its motion to extend the date upon which to mediate as moot (R.43). Spectrum agrees to withdraw its motion for sanctions (R.37–38).

3.  Notwithstanding paragraph 2, the parties agree to proceed with the following during the stay:

    a. Paragon's motion for a protective order (R.40–41) shall remain outstanding. Spectrum shall file its response, and Spectrum may seek entry of its own proposed

protective order in its response without filing a separate motion. The Court thereafter may enter a protective order notwithstanding the stay.

b. While the parties await the Court's entry of a protective order as described in Section 3(a), the parties shall serve and complete their responses to all interrogatories and requests for production contained in the parties' first written discovery requests, including producing responsive documents in accordance with the terms set forth in Exhibit A to this Stipulation.[1] After the Court enters a protective order, the parties shall reproduce documents previously produced as set forth in Exhibit A.

c. Subject to each party's objections to the other party's first written discovery requests, Spectrum and Paragon agree, as part of their obligation to produce documents under Section 3(b) of this Stipulation, to produce in good faith documents and information in their possession, custody, or control and that are responsive to the parties' first written discovery requests. This shall include, but is not limited to, documents pertaining to the design of Spectrum's current breast milk tracking system and documents pertaining to the factual basis for Paragon's claims against Spectrum.

d. The parties agree to meet and confer in good faith on any disputes relating to the completeness of their respective document productions under Section 3(b) of this

---

[1] Paragon objects to Exhibit A governing over the case, but is willing to abide by the terms set forth on Exhibit A until the resolution of the protective order dispute in order to obtain documents from Spectrum, as described in Paragon's motion for a protective order (R.40–41). Paragon is agreeing to this stipulation in order to obtain documents prior to the mediation and is not waiving its arguments under its motion for protective order.

    Stipulation and may seek court intervention with regard to any documents produced under Sections 3(b) and (c), as necessary.

  e. If, after Paragon reviews Spectrum's document production to Section 3(b), Paragon believes in good faith that an inspection of Spectrum's nutrition room remains necessary, the parties agree to meet and confer in good faith on Paragon's Civ.R. 34(a)(2) Request for Inspection ("Request for Inspection") and Spectrum's July 21, 2021 Response and Objection to Paragon's Request for Inspection. If the parties cannot come to an agreement on Paragon's Request for Inspection, and if the case does not settle as a result of mediation on December 3, 2021, Paragon reserves the right to file, after December 3, 2021, a motion to compel the inspection.

4. Paragon will endeavor and make good faith efforts to provide substantiation of Mr. Laurenzi's health condition to Spectrum, including substantiation that such condition precluded his participation in mediation on September 7, 2021.  Spectrum reserves the right to seek sanctions against Paragon related to Paragon's refusal to mediate on September 7, 2021, if Paragon fails to provide such substantiation; provided that any such motion shall be filed: (i) after December 3, 2021; and (ii) only in the event the case is not resolved at the December 3, 2021 mediation.

5. Paragon will make the medical records substantiating Mr. Laurenzi's health condition available for *in camera* inspection should the Court order them.

6. If the case does not settle as a result of mediation on December 3, 2021, the parties agree that a status conference will be necessary to discuss a modified case management schedule, including the briefing schedule for Paragon's motion to amend (R.45–46), and they respectfully request that the Court schedule a status conference at the Court's convenience in that event.

7. Spectrum reserves the right to seek sanctions, including dismissal of the case, if Paragon is unable or unwilling to participate in mediation on December 3, 2021, and any such motion shall not be subject to the stay set forth herein.

**STIPULATED AND AGREED:**

Dated: October 8, 2021

| | |
|---|---|
| */s/ William A. Doyle* | */s/ Charles R. Quigg*\* |
| Philip R. Bautista | Andrea J. Bernard (P49209) |
| Ryan O. White | Charles R. Quigg (P82624) |
| William A. Doyle | WARNER NORCROSS + JUDD LLP |
| Taft Stettinius & Hollister LLP | 150 Ottawa Avenue NW, Ste. 1500 |
| 200 Public Square, Suite 3500 | Grand Rapids, Michigan 49503 |
| Cleveland, Ohio 44114 | 616.752.2000 |
| 216.241.2838 | abernard@wnj.com |
| pbautista@taftlaw.com | cquigg@wnj.com |
| rwhite@taftlaw.com | *Attorneys for Spectrum Health System* |
| wdoyle@taftlaw.com | |
| *Attorneys for Paragon Data Systems, Inc.* | **\*via email consent on 10/7/21** |

**IT IS SO ORDERED:**

Dated: _____

_____
Hon. Janet T. Neff
United States District Judge